IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

BULMARO ENRIQUEZ,

        Defendant.

Criminal No. 18-10117-ADB

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE

The government hereby opposes defendant's motion for release [Docket #16].  The defendant has not provided the Court with any facts or circumstances that would warrant this Court's allowance of this motion.

**I.   PROCEDURAL HISTORY[1]**

Bulmaro Enriquez ("Enriquez") is a citizen and national of Mexico.  According to documents in his A-file, between 2004 and 2016, Enriquez has been deported from the United States on nine separate occasions.

On April 24, 2015, a search warrant was executed at 12 Sherwin Terrace, Framingham, Massachusetts.  During the execution of the search warrant, law enforcement encountered Enriquez, one and one-half pounds of marijuana, electric scales,

---

[1] The facts herein are taken from the Presentence Report prepared by United States Probation on January 14, 2016.

and other drug distribution paraphernalia. Enriquez was arrested
and detained.  On October 7, 2015, Enriquez pled guilty to
possession of a controlled substance and was sentenced to three
months' imprisonment.  Upon completion of his sentence, Enriquez
was transferred into ICE custody.  Enriquez was interviewed,
admitted his alienage, and admitted that he had been previously
deported.  Enriquez was charged in this district with illegal
reentry, in violation of 8 USC 1326, stipulated to detention and
was ordered detained.[2]  On December 16, 2015, Enriquez pled
guilty to the one-charge Indictment.  On January 19, 2016,
Enriquez was sentenced to "time served[3]" and one year of
supervised release.  Enriquez's prior removal order was
reinstated and on February 4, 2016, Enriquez was deported to
Mexico.

    Sometime after the removal on February 4, 2016, Enriquez
re-entered the United States. At the time he re-entered the
United States, Enriquez did not have permission from the
Secretary of the Department of Homeland Security to be in the
United States.  On November 23, 2017, Enriquez was arrested by
the Framingham Police Department and charged with domestic
assault and battery.  Enriquez's fingerprints were obtained and

---

    [2] See United States v. Bulmaro Enriquez, 15-10337-RWZ,
Docket #8.
    [3] Time served was determined to be approximately 3 months.

found to match the fingerprints in his A-file. Enriquez was released by the Framingham District Court with charges pending.

On April 26, 2018, Enriquez was charged in this district with illegal reentry of a previously deported alien.  He was arrested by ICE on April 30, 2018 and had his initial appearance later that day.  On May 3, 2018, this Court held a detention hearing and took the matter of detention under advisement.

**II.  ARGUMENT**

The government maintains that Enriquez poses a risk of flight.  Enriquez is in the United States illegally having been deported on nine separate occasions between 2004 and 2016. Enriquez's immigration status *is a* factor that the court can take into consideration. Enriquez has demonstrated a lack of respect for the laws of the United States by illegally reentering the country after being deported on numerous occasions.  Enriquez's memorandum in support of his release concedes that he does not have legal status in the country.  The Court has found that such a factor weighs in favor of detention. *See United States v. Campos*, 2010 WL 454903 at *2 (M.D. Ala. Feb. 10, 2010) (defendant's unlawful presence within the United States for at least the last ten years is proof he will not obey any directives or conditions the Court may impose).

As an undocumented alien who does not possess a valid social security number or a tax identification number, Enriquez

3

cannot legally work in the United States.  Enriquez's "pending"
U-Visa from 2015 does not change or alter his ability to work.
Enriquez does not have a valid Massachusetts driver's license
and cannot legally drive a motor vehicle in the United States.

Currently there is an ICE detainer in place on Enriquez.
While an ICE detainer alone does not create a *per se* exception
to the Bail Reform Act requirements, it "may be considered as a
factor in assessing the risk that a particular defendant will
flee." *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 964 n.
3 (E.D. Wis. 2008).  In *United States v. Acemar Damaceno*, 17-
10127-DJC, Docket #31 (D. Mass. July 26, 2017), when denying
defendant's motion to revoke the Magistrate Court's detention
order, the District Court ruled *inter alia*:

> The Court has also considered Damaceno's immigration
> status. Although the Court disagrees with the initial
> suggestion by the government that the entry of an ICE
> detainer is a *per se* ground for detention or a
> determinative factor for same, the Court may consider this
> factor in the balance of considerations in determining
> whether detention is warranted. *United States v. Sousa De
> Albuquerque*, 14-10222-NMG, [Docket #22] (D. Mass. September
> 11, 2014) (citing *United States v. Feliz*, 13-10171-DJC,
> [Docket #71] (D. Mass. Nov. 15, 2013)).

Most courts have concluded that the existence of an
immigration detainer is a relevant factor for consideration when
the court undertakes its assessment of a defendant's risk of
flight.  *See United States v. Neves*, 11 F.App'x 6, 8 (1st Cir.
2001) (noting that the existence of a deportation order is

4

relevant to the issue of flight); *see, e.g., United States v. Salas-Urenas,* 430 F.App'x 721, 723 (10th Cir. 2011) (affirming the District Court's order of detention, finding "a defendant's immigration status and the existence of an ICE detainer are relevant to the detention decision as part of the history and characteristics of the defendant"); *United States v. Fuentes-Flores,* 2014 WL 3908168 at *5 (M.D. Fla. 2014) (stating "[w]hile an ICE detainer cannot be the sole reason for detaining an individual in custody, it can be used as a consideration for detention."); *United States v. Ong*, 762 F.Supp.2d 1353, 1363 (N.D. Ga. 2010) ("Since Ong would likely be removed from the United States and not allowed to re-enter ... there are no conditions or set of conditions that will reasonably assure Ong's presence as required."); *United States v. Lozano-Miranda*, 2009 WL 113407, at *3 (D. Kan. Jan.15, 2009) (the existence of an ICE detainer "weighs heavily in the risk of flight analysis."); *United States v. Lozano*, 2009 WL 3052279, at *4 (M.D. Ala. Sept. 21, 2009) (finding that where an ICE detainer exists, "the government has met the correct standard, as it has established by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance as required for prosecution under the instant indictment."); *United States v. Pantaleon-Paez*, 2008 WL 313785, at *4 (D. Idaho Feb. 1, 2008) ("In light of [ ]ICE's imminent

5

detention and subsequent deportation efforts in the event of Defendant's release, it cannot be said that there is any condition or combination of conditions that will assure his appearance at trial.").

The United States Probation, after interviewing Enriquez has recommended that the Court order Enriquez detained. According to information provided from Enriquez's interview with Pretrial Services, his 2016 Presentence Report, and his BOP, Enriquez has been ordered removed on nine separate occasions. Enriquez also has criminal convictions for:

- 2003 escape;

- 2004 OUI;

- 2006 OUI;

- 2006 possession of a controlled substance;

- 2007 OUI;

- 2015 possession of a controlled substance; and

- 2016 illegal reentry.

According to the documents referenced above, Enriquez has utilized nine separate alias names and four different dates of birth and or social security numbers.

Enriquez currently resides at 12 Sherwin Terrace, Framingham, MA (the location of the 2015 Framingham search warrant).  The home appears to be owned by Enriquez's girlfriend,

Evelene Rodriguez.[4]  According to documents from the Middlesex County Registry of Deeds, Enriquez transferred any beneficial interest he had in the home to Rodriguez on January 27, 2018.[5]

For the reasons stated herein, the government requests that this Court deny defendant's motion for release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  */s/ Kenneth G. Shine*
KENNETH G. SHINE
Assistant U.S. Attorney

Date:  May 16, 2018

---

[4] In the pleadings filed with the Court, defendant refers to Rodriguez as his wife.  On the deed and on the mortgage, the parties list themselves as "unmarried."

[5] See Middlesex County Registry of Deeds Book 70620, Page 446.  Of note, on the same day Enriquez and Rodriguez jointly executed a mortgage on the property, the mortgage was recorded, but was recorded *following the transfer* of the property to Rodriguez individually; see Middlesex County Registry of Deeds §Book 70620, Page 451.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon counsel of record a copy of the foregoing document by electronic filing notice.

<u>/s/ **_Kenneth G. Shine_**</u>
Kenneth G. Shine
Assistant U.S. Attorney